# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ENRIGUE HIDALGO Y COSTILLA,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 5:19-cv-1253** |
| | § | |
| **LAKEVIEW LOAN SERVICING, LLC,** | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT LAKEVIEW LOAN SERVICING, LLC's NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1332(a), and 1441, Defendant, Lakeview Loan Servicing, LLC ("Lakeview" or "Defendant") removes this action from the 225th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, and in support thereof would show unto the Court the following:

### I.      STATE COURT ACTION

1.      On August 29, 2019, Plaintiff Enrigue Hidalgo y Costilla ("Plaintiff") filed his Original Petition, Application for Temporary Restraining Order and Application for Injunction (the "Complaint"), *Enrigue Hidalgo y Costilla v. Lakeview Loan Servicing, LLC*; Cause No. 2019CI17992, in the 225th Judicial District Court of Bexar County, Texas.  Plaintiff obtained a temporary restraining order stopping the foreclosure of the real property commonly known as 839 Anarbor Post, San Antonio, Texas 78245 (the "Property").

2.      Pursuant to 28 U.S.C. §1446(d), this Notice of Removal will be filed with the 225th Judicial District Court of Bexar County, Texas, and a copy of this Notice of Removal will also be served on all parties.

3.      In the State Court Action, Plaintiff seeks injunctive relief and damages for breach of contract and violations of "federal law."

4.      Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, orders, and other papers filed in the 225th Judicial District Court and obtained by Defendant are attached hereto.

## II.      TIMELINE FOR NOTICE OF REMOVAL

5.      Defendant Lakeview has not been served in this action and Plaintiff has not requested service. Less than thirty (30) days have passed since Defendant received unofficial notice of this lawsuit, and thus, removal is timely. 28 U.S.C. §1446(b)(1).

## III.      BASIS FOR REMOVAL: DIVERSITY JURISDICTION

6.      The Court has original jurisdiction over this action pursuant to §§1332(a)(1) because there is complete diversity of the Parties and the amount in controversy exceeds $75,000.

### a.      Diversity of Citizenship

7.       Removal in this case is proper because this Court has diversity jurisdiction under 28 U.S.C. §1332(a)(1).  Where there is complete diversity among parties and the amount in controversy exceeds $75,000.00, an action may be removed to federal court.

8.      This controversy is entirely between citizens of different states as required for diversity jurisdiction under 28 U.S.C. §1332(a)(1), in that every defendant is diverse from Plaintiff.

9.      Based upon Plaintiff's Petition, Plaintiff is a citizen of San Antonio, Bexar County, Texas.

10.     Defendant Lakeview Loan Servicing, LLC is a Delaware limited liability company whose sole member is Bayview MSR Opportunity Master Fund, LP, a Delaware limited partnership. Therefore, Lakeview is a citizen of Delaware for diversity purposes.

11.     Plaintiff is a citizen of the State of Texas, and Lakeview is a citizen of Delaware accordingly this lawsuit is between citizens of different states and complete diversity exists among the parties. See 28 U.S.C. §1332(a)(1).

### b.     Amount in Controversy Exceeds $75,000.

12.     Although Plaintiff's Petition does not specifically allege the amount in controversy, it is clear from review of Petition and the evidence attached hereto that the amount in controversy exceeds $75,000.

13.     The Petition seeks declaratory relief, damages and title related to the foreclosure on the Property. "In actions seeking declaratory relief or injunction relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). Put another way, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1252-1253 (5th Cir. 1998). "It is well established in actions in which declaratory or injunctive relief is sought, the amount in controversy for jurisdictional purposes is measured by the direct pecuniary value of the right which the plaintiff seeks to enforce or protect or the value of the object which is the subject matter of the suit." *Martinez v. BAC Home Loans Servicing. LP*, 777 F. Supp. 2d 1039, 1044 (W.D.Tex.2010); see also *Hartford Ins. Group v. Lou–Con Inc.*, 293 F.3d 908, 910 (5th Cir.2002) ("The amount is controversy is 'the value of the right to be protected or the extent of the injury to be prevented.'") (quoting *Leininger*, 705 F.2d 727, 729 (5th Cir.1983)). The Fifth

Circuit has held that when the right to the property is at issue, the value of the property controls

the amount in controversy. *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir.1961); see

also *Nationstar Mortg. LLC v. Knox*, 351 Fed. Appx. 844, 848 (5th Cir.2009) (Waller extended

to a suit seeking injunctive relief to prevent foreclosure).

        14.     The most recent tax appraisal for the Property valued it at $236,120.[1] This alone

satisfies the $75,000 requirement. See *Griffin*, 2010 WL 4781297 at *3 (considering appraisal

district figure as evidence that amount in controversy requirement was met); *Eisenberg v.*

*Deutsche Bank Trust Co. Americas*, No. SA–11–CV–384–XR, 2011 WL 2636135, *1 (W.D.

Tex. 2011), 2011 WL 2636135 at *1 (same). Accordingly, considering the value of the Property,

it is apparent on the face of Plaintiff's Complaint that the amount in controversy more likely than

not exceeds $75,000.

### IV.    VENUE

        15.     Venue for this Removal is proper in the United States District Court for the

Western District of Texas, San Antonio Division, because this district and division includes

Bexar County, Texas, which is the location of the pending state court action. 28 U.S.C. §1441(a);

28 U.S.C. §124(d)(1).

### V.    CONCLUSION

        WHEREFORE Defendant Lakeview Loan Servicing, LLC removes this action from the

225th Judicial District Court of Bexar County, Texas, to the United States District Court for the

Western District of Texas, San Antonio Division, so that this Court may assume jurisdiction over

the cause as provided by law.

---

[1] *See* Exhibit F, Bexar County Appraisal District valuation for the Property for 2019.

Respectfully submitted,

By:     */s/ Mark D. Hopkins*
       Mark D. Hopkins
       Hopkins Law, PLLC
       State Bar No. 00793975
       3809 Juniper Trace, Suite 101
       Austin, Texas 78738
       (512) 600-4320
       mark@hopkinslawtexas.com

       OF COUNSEL for
       **CODILIS & MOODY, P.C.**
       400 North Sam Houston Parkway East
       Suite 900A
       Houston, Texas 77060
       (281) 925-5243
       (281) 925-5343 Fax
       Danya.Gladney@tx.cslegal.com

       **ATTORNEYS FOR DEFENDANT**
       **LAKEVIEW LOAN SERVICING, LLC**

## CERTIFICATE OF SERVICE

Pursuant to Texas Rules of Civil Procedure, I certify that a true and correct copy of the foregoing has been sent on this the 22nd day of October 2019 to all parties of record via e-service.

*VIA E-SERVICE:*
Oscar L. Cantu
Law Office of Oscar L. Cantu
1004 St. Mary's Street
San Antonio, Texas 78205
R3Oscar@aol.com

**ATTORNEY FOR PLAINTIFF**

*/s/ Mark D. Hopkins*
Mark D. Hopkins